## East Liverpool China Company v. David Tucker et al.

EVIDENCE—*when erroneous admission of, will not reverse.* The admission of incompetent evidence will not reverse where the verdict rendered was amply sustained by competent evidence contained in the record.

Assumpsit. Appeal from the Circuit Court of Edgar county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

W. H. CLINTON and J. E. DYAS, for appellant.

F. C. VAN SELLAR, for appellees; H. VAN SELLAR, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On July 27, 1905, appellees, partners, doing business in Chrisman, Illinois, upon the solicitation of a travelling salesman, employed by appellant, signed an order for certain merchandise, as follows:

"East Liverpool China Company (Incorporated), Manufacturers of Semi-Porcelain, Plain and Decorated Ware. Western Office, 147-153 Fifth Avenue, Chicago, Ill. No. 38. Date July 27, 1905. Sold to Tucker & Fellers, Shipping Sta., Chrisman P. O. Chrisman, G. McKay, Terms: 30 days net from date of shipment, 2 per cent 10 days from date of invoice.

Please ship at your earliest convenience the following goods, released F. O. B. shipping point: (here follows an itemized list of the merchandise ordered).

   (Signed)                 TUCKER & FELLERS."

Memoranda by the traveling salesman upon the order or in relation to it which were sent by said traveling salesman together with the order, to appellant, clearly indicate that the order was subject to approval and acceptance by appellant. The uncontradicted evidence in the record tends to show that the salesman

East Liverpool China Co. v. Tucker.

for appellant represented to appellees that appellant was the manufacturer of the goods ordered and was doing business at East Liverpool, Ohio. About two weeks after the order was given and before they had been notified of the acceptance thereof by appellant, appellees addressed a communication to appellant at East Liverpool, Ohio, countermanding the order and directing appellant not to ship the same. This communication, which was sent by mail, was subsequently returned to appellees as not having been called for, and it appears from the evidence that appellant was not doing business at East Liverpool, Ohio, as the East Liverpool China Company. Appellant made shipment of the goods ordered in four lots, as follows: On August 25, 1905, one cask from East Liverpool, Ohio; on August 26, 1905, two casks from Chester, W. Va.; on August 31, 1905, one cask from Coshocton, N. Y., and on September 5, 1905, two casks from Glassport, Pa. Upon the arrival of the shipments at Chrisman, Illinois, appellees refused to accept the same and notified appellant that the goods were subject to its order, and this suit was brought by appellant to recover the amount claimed to be due. The cause was tried by the court without a jury and resulted in a finding in favor of appellees and a judgment against appellant for costs.

Until appellees were notified by appellant of the acceptance of such order or until appellant had acted upon the order by making shipment within a reasonable time of the merchandise ordered, appellees were at liberty to countermand the order. Appellees had a right to rely upon the statement made to them by appellant's salesman that the principal place of business of appellant was at East Liverpool, Ohio, and in addressing their communication to appellant at that place countermanding the order theretofore made by them appellees did all they could reasonably be expected to do in that regard.

Some of the evidence on behalf of appellees admitted by the court over the objections of appellant was incompetent, but as the finding of the court is amply supported by the competent evidence in the record it is apparent that the incompetent evidence introduced did not operate to the prejudice of appellant. The judgment of the Circuit Court is right and will be affirmed.